DOMENGEAUX, Judge.
This case arose out of a breach of an oral contract entered into between plaintiff-ap-pellee, Universal Dynamics, and defendants-appellants, Loftin Construction Company, Inc. of Westlake, and Walter Loftin,[2] for the excavation of dirt by defendants from plaintiff’s property. After trial the district judge found in favor of the plaintiff and against defendant, Loftin Construction Company, Inc., and awarded plaintiff judgment in the sum of $65,702.90, plus interest and costs. From that judgment Loftin Construction Company, Inc. appeals.
The only substantial issue[3] presented on appeal is whether the trial court erred in its determination of the amount of dirt removed from plaintiff’s property.
In reasons orally assigned and transcribed into the record, the district judge stated the facts fairly, and gave reasons for his decision as follows:
“This suit comes before the Court on the petition of the plaintiff, Universal Dynamics, a Louisiana Corporation domiciled in Lake Charles, Calcasieu Parish, Louisiana, hereinafter sometimes referred to as Universal, seeking judgment on an open account against the defendant, Loftin Construction Company, Incorporated of Westlake, a Louisiana corporation domiciled in Lake Charles, Calcasieu Parish, Louisiana, hereinafter sometimes referred to as Loftin Construction, and/or Walter Loftin, individually, hereinafter sometimes referred to as Loftin, in the sum of $258,000.00, together with legal interest thereon from date of judicial demand until paid, reasonable attorney fees in an amount of not less than $500.00 and all costs of the proceeding.
The defendants filed an answer of general denial and an affirmative defense that Loftin had not purchased dirt, sand and clay from the plaintiff, Universal, and that any such purchases by construction were made in different amounts and for different prices than alleged in plaintiff, Universal’s petition. Evidence was adduced at the trial of the matter consisting of testimony or witnesses and other documentary evidence. In this case, as in all civil cases, the plaintiff bears the burden of proof by a preponderance of the *556 evidence of all competent facts upon which plaintiff relies for judgment. From the evidence presented, the Court finds that the plaintiff, Universal, owned a 40-acre tract of land described as the Southeast Quarter of the Southeast Quarter of Section 26, Township 10 South, Range 10 West, located in Calcasieu Parish, Louisiana. The Court further finds from the evidence that Mr. Ed Nelson, the person who had formerly owned the tract of land and who had sold the tract of land to the plaintiff, Universal, acted as an undisclosed agent for his principal, Universal, in entering into an oral contract for the sale of dirt, sand or clay to the defendant, Loftin Construction, from the tract of land then owned by the plaintiff, Universal, to be used by defendant, Loftin Construction, as fill material. The Court further finds from the evidence that the oral contract was entered into during the early part of the year 1978 and that the terms of the oral contract were that the defendant, Loftin Construction, would pay the plaintiff, Universal, one dollar per cubic yard for all material removed from the tract of land. The Court further finds from the evidence that the fill material removed from the tract was to be computed or measured by cross-sectioning the tract of land after the fill material had been removed. From the evidence, the Court finds that Mr. Edward W. Nelson, Mr. Lee Fogle-man, and Mr. David Mike Trahan were present at the time the oral contract was entered into. Plaintiff, Universal, does not dispute the fact that Edward W. Nelson was acting as it’s undisclosed agent on it’s behalf and has acquiesced and ratified the oral contract he made on their behalf by their subsequent actions. Mr. Trahan was the secretary-treasurer of Loftin Construction and was acting on behalf of Loftin Construction as was Lee Fogleman who was the supervisor for Loftin Construction at the* time the oral contract was entered into. Loftin Construction has acquiesced and ratified the oral contract by it’s subsequent actions. Mr. Nelson testified, and his testimony was confirmed by both Mr. Trahan and Mr. Fogleman, that the agreed upon price was one dollar per cubic yard for all fill material removed from the property of the plaintiff, Universal. Mr. Nelson affirmatively testified that the fill material removed from the property of the plaintiff, Universal, was to be measured at the completion of the removal of all fill material by cross-sectioning the property of the plaintiff, Universal, from which the fill material was removed. Mr. Trahan had no independent recollection of that agreement and Mr. Ellender (sic) at the time of the trial, denied that agreement, but did admit that he had previously testified by deposition that he recalled the meeting and the terms of the contract and that the measurement of the material removed was to be done by cross-sectioning the plaintiff’s, Universal’s, property at the conclusion of the removal of fill materials. From the evidence presented, the Court finds that the plaintiff, Universal, has proven by a preponderance of the evidence that the fill material removed from the plaintiff, Universal’s, property was to be computed by cross-sectioning the plaintiff, Universal’s property after the conclusion of the removal of all fill materials.
Both plaintiff, Universal, and defendant, Loftin Construction, presented evidence concerning the amount of fill material removed from the plaintiff, Universal’s property by cross-sectioning of the property after the conclusion of the removal of the fill material.
Plaintiff, Universal, employed the services of a registered civil engineer and registered surveyor, Mr. Gary Todd. Mr. Todd’s cross-section of the property was based on a survey, made on a 50-yard grid of the property in question, and after deducting an area to the western part of the property where a ditch had been located prior to the defendant, Loftin Construction, removing any fill material and after adding a stock pile of fill material which defendant, Loftin Construction, had left remaining on the plaintiff, *557 Universal’s, property at the completion of it’s operation. Mr. Todd had obtained a computation for the stock piled fill material by computing it’s area and had deducted for any material removed by the ditch on the western most portion of the property after a cross-section of the ditch area. Defendants, Loftin Construction, had cross-sectioned the property on the basis of a 100-yard grid and conceded that the measurements for the cross-section were taken by a person who was not. at the time the measurements were made either a graduate engineer or a registered surveyor. Mr. Todd further testified that a cross-section based on a 100-yard grid rather than a 50-yard grid would be less accurate and more inclined to deviations because of the fact that material could have been removed or piled up in a 100-yard area and that this would not be reflected on such a grid.
From the evidence presented, the Court concludes that the survey and the cross-section made by Mr. Todd is more accurate and representative of an accurate cross-section of the property showing the amount of fill material removed rather than that made by the defendant, Loftin Construction.
Defendants had previously admitted removing 26,462.93 cubic yards of material, and after filing their answer of general denial had deposited that sum in the Registry of the Court in this suit on March 1, 1980. At the time of the trial of this matter, the defendant, Loftin Construction, through Mr. Trahan, admitted that Loftin Construction had removed at least 35,000 cubic yards of material from plaintiff, Universal’s property. Defendant, Loftin Construction, further contends that the plaintiff, Universal, and other persons had removed material from the area cross-sectioned and for which plaintiff, Universal, claimed defendant, Loftin Construction, had removed all materials.
From the evidence presented, the Court does'not find that the defendant, Loftin Construction, has proven by a preponderance of the evidence that plaintiff, Universal, or anyone else removed any material from the plaintiff, Universal’s, property which was cross-sectioned and from which plaintiff, Universal, contends material was removed exclusively by the defendant, Loftin Construction.
Mr. Todd’s computations, which the Court has accepted as more accurate, reflects that a total of 65,702.9 cubic yards of material had been removed by defendant, Loftin Construction, from plaintiff, Universal’s property. The Court finds that plaintiff, Universal, has proven by a preponderance of the evidence that defendant, Loftin Construction removed a total of 65,702.9 cubic yards of sand, dirt and clay from plaintiff, Universal’s, property. For this reason, judgment will be rendered in favor of the plaintiff, Universal Dynamics, and against the defendant, Loftin Construction Company, Inc. of Westlake, in the sum of $65,702.90, together with legal interest thereon from date of judicial demand until paid, subject to a credit for the $26,462.93 previously deposited by defendant, Loftin Construction, in the Registry of the Court and tendered to and withdrawn by plaintiff, Universal, prior to trial of this suit. Plaintiff, Universal’s, claim for judgment against Walter Loftin, individually, will be denied as will plaintiff, Universal’s, claim for attorney’s fees. The Court does not find that the suit by plaintiff, Universal, is a suit on an open account, but rather is a suit on an oral contract, and from the evidence, does not find that the parties had agreed contractually to the payment of any attorney’s fees in the event of a default of the oral contract.”
Upon review of the record, we find that it overwhelmingly supports the trial judge’s conclusions as set out hereinabove. Consequently, we find no merit to appellants’ contention that the court below was manifestly erroneous in calculating the amount of dirt removed from plaintiff’s excavation pit/
Finally, from the oral reasons assigned above, it is obvious that the district judge held in defendant Walter Loftin’s *558 favor and against plaintiff dismissing plaintiff’s suit against him. However, it appears that through inadvertance the judgment rendered below reflects judgment against both named defendants in this suit.[4] For this reason we recast the judgment to reflect the correction.
For the above and foregoing reasons the judgment of the district court is affirmed as amended and recast as follows: It is ORDERED, ADJUDGED, and DECREED that judgment be rendered in favor of plaintiff, Universal Dynamics, and against defendant, Loftin Construction Company, Inc. of Westlake, for the full sum of Sixty-five Thousand, Seven Hundred and Two and 90/100 ($65,702.90) Dollars, together with legal interest thereon from date of judicial demand, plus all costs of these proceedings, less a credit of Twenty-six Thousand, Four Hundred Sixty-two and 93/100 ($26,462.93) Dollars.[5]
All costs of appeal are assessed against Loftin Construction Company, Inc.
AFFIRMED AS AMENDED.

. Walter Loftin who owns Loftin Construction Company of Westlake, Inc., was also named as defendant in this suit. Judgment was rendered in his favor and against plaintiff dismissing plaintiffs claims against him, but the trial judge inadvertently failed to delete “ET AL” from the judgment against defendant Loftin Construction Company, Inc., perhaps implying that Mr. Loftin was also cast in judgment. We have recast the judgment below correcting the error.

. Ibid.

. Ibid, at 2.

. The $26,462.93 credit represents the amount deposited by defendant in the registry of the court which was subsequently withdrawn by plaintiff prior to trial.